### LITCHFIELD COUNTY, AUGUST TERM, 1789.

#### FLIMING, EXECUTOR OF M'DONALD, v. BATES.

It is inadmissible for a defendant to file a bill of usury against an obligation, after a trial by jury and a new trial granted.

The defendant is not admissible as a witness to substantiate his bill, filed upon the statute.

WRIT OF ERROR, complaining that he commenced an action against said Bates to the County Court, on a note given to said M'Donald: That said Bates plead in bar of said action, that there was included in and secured by said note more than law-

ful interest, by the corrupt agreement of the parties; and that said note by force of the statute, was void — on which facts the parties were at issue to the jury; who found that there was not included in and secured by said note more than the lawful interest, etc. and found for the plaintiff to recover the sum of §247 16s. lawful money damages and his cost.    That said Bates afterwards preferred his petition for a new trial in said cause, on the ground of having missed his plea; for that he ought to have filed his bill of usury on the second day of the court, instead of pleading in bar of the action, and prayed for a new trial in order that he might file his complaint, etc. That said County Court granted him a new trial; and said cause was entered and continued to the court holden on the fourth Tuesday of March, A. D. 1788; and on the second day of said court, said Bates filed his complaint against said note, which said court admitted, and proceeded to search out the truth of the complaint, by the oath of the defendant, said M'Donald being dead; and thereupon said court considered and gave judgment that said note was usurious and oppressive, and for the plaintiff to recover only the principal due on said note, exclusive of the interest.

Errors assigned were — 1st. That no new trial was grantable in such a case, and for such a cause.  2d. That said court ought not to have permitted the defendant to have filed his complaint as aforesaid; nor admitted him to his oath to prove it, contrary to the verdict of the jury, the said original promisee being dead.   Plea — Nothing erroneous.

Judgment — Manifest error.

By the COURT.   The statute made to prevent the taking of unlawful interest, provides two remedies for the mischief; and the defendant has his election, either to charge the usury directly and avoid the security wholly, or to file his complaint on the second day of the court's sitting and thereby lay a foundation for the court to proceed to search out the truth, by

the oath of the parties, or in any other way proper for a Court of Chancery: And if the plaintiff shall refuse to be examined upon oath, he shall be nonsuited; and if upon such inquiry said obligation is found to be usurious, the whole of the interest shall be expunged and judgment be given for the principal sum due on the note only. But the defendant cannot avail himself of both remedies.

The complaint must be filed on the second day of the court, to which the suit is brought and not after. The granting of the new trial for the purpose of filing his complaint was perfectly idle; and allowing him to file it at the time and in the manner it was done, is directly against the statute; and then admitting the defendant a witness to substantiate his own defense is contrary to the rules of proceeding in chancery — would endanger all written securities — and tend to defeat the guards provided by law against frauds and perjuries.

This judgment was affirmed in the Supreme Court of Errors.